CLERK'S OFFICE U.S. DIST COURT
AT LYNCHBURG, VA
FILED
for Charlottesville
MAY 2 6 2006
JOHN F. CORCORAN, CLERK
BY: /s/ Tra Coleman
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIM. NO. 3:05CR00043 |
| v. | ORDER AND OPINION |
| ANTONIO GUZMAN-PLATON<br>ZENAIDO GUZMAN-PLATON,<br>*Defendants.* | JUDGE NORMAN K. MOON |

This matter is before the Court on the government's motion for a conflict of interest inquiry into the representation of the defendants. For the following reasons, this motion is hereby GRANTED.

The government moves for this inquiry based on the defendants' acquisition of retained counsel after U.S. Magistrate Judge Welsh determined that the defendants qualified for appointed counsel. According to the government's motion, at the time of their arrest both defendants were employed as general laborers at a farm in Greenwood, Virginia, and both earned approximately $2,000 a month. Both are undocumented, are married with children, and claimed little or no assets on financial affidavits submitted to the court. In addition, neither defendant is proficient in English. Magistrate Judge Welsh appointed counsel for both defendants at their initial appearance on September 22, 2005. The same day, Andre Hakes, Esq. filed a motion to substitute

1

as retained counsel for Antonio Guzman-Platon; on December 2, 2005, Dana Slater, Esq. filed a motion to substitute as retained counsel for Zenaido Guzman-Platon.

The government cites *Wood v. Georgia*, 450 U.S. 261, 269 (1981), and *Quintero v. United States*, 33 F.3d 1133 (9th Cir. 1994) in support of its motion. In *Wood*, defendants charged with violating obscenity laws were represented by a lawyer that their employer had hired. The Supreme Court held that where the Sixth Amendment provides for a right to counsel, there is a correlative right to representation free from conflicts of interest. 450 U.S. at 271. The Court further held that the possibility of a conflict of interest imposed a duty on the trial court to inquire further. *Id.* at 272.

In *Quintero*, the Ninth Circuit ruled that the district court should have held an evidentiary hearing to determine whether the defendant's counsel labored under a conflict of interest when counsel was paid by an unknown third party. 33 F.3d at 1135. The court stated in dicta that it was publishing the opinion to alert trial judges to the importance of determining whether third parties are paying the fees of indigent defendants in drug conspiracy cases, and if so, whether the defendant understands the potential conflict of interest and voluntarily waives it. *Id.* at 1134. At least one Eastern District of Virginia court has followed *Wood* and *Quintero* and held an evidentiary hearing on the existence of a conflict of interest where an indigent defendant was represented by an attorney paid by other co-conspirators. *U.S. v. Scott*, 980 F. Supp. 165 (E.D. Va. 1997).

Both defendants object to the government's motion and argue that there must be substantial evidence of a conflict before an evidentiary hearing is warranted. Although cases cited by the government generally address situations where significant evidence of a conflict was

before the courts, none of these cases indicate what threshold showing the government must make to justify a hearing. Rather, courts generally agree that a district court alerted to possible conflicts of interest must take adequate steps to investigate. *See, e.g., U.S. v. Wheat*, 486 U.S. 153, 160 (1988). The possibility of a third-party fee arrangement here creates just such potential for a conflict of interest. The fact that two undocumented farm laborers were able to retain counsel raises sufficient questions that the Court determines further investigation is necessary. The government's motion for a hearing to inquire into the existence of a possible conflict of interest is therefore granted. At that hearing, the Court will inquire into the existence of a conflict of interest, whether the defendants waive that conflict, and whether the Court should accept their waiver. The Court will also consider any issues related to privileged or confidential information or the necessity of in camera review of evidence at that time.

It is so ORDERED.

The Clerk of the Court is directed to send a certified copy of this Order to all counsel of record.

ENTERED: *[signature]*
U.S. District Judge

Date: May 26, 2006